12-5061-pr
*Cordero v. Lee*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand fourteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judge*s.

_____

JUAN CORDERO,

> *Petitioner-Appellant*,

> v.                                      No. 12-5061-pr

WILLIAM LEE,

> *Respondent-Appellee*.

_____

For Petitioner-Appellant:      JANE S. MEYERS, Brooklyn, NY

For Respondent-Appellee:      ALLA AGEYEVA (Leonard Joblove, *on the brief*), *for* Kenneth P. Thompson, Kings County District Attorney, Brooklyn, NY

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Juan Cordero appeals from an October 22, 2012 judgment of the United States District Court for the Eastern District of New York (Ross, *J.*) denying Cordero's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Cordero seeks to overturn his 1998 conviction by the New York State Supreme Court of two counts of robbery in the first degree for robbing two livery cab drivers. As the trial was beginning, it was discovered that Cordero's trial counsel had conducted and tape-recorded an interview with Edward Nunez, one of the robbery victims and an identifying witness who was scheduled to testify for the state at trial; that Nunez had recanted his identification of Cordero during that interview; and that defense counsel had made statements to Nunez implying that he need not testify at trial, despite the fact that Nunez was under a subpoena by the state. In his federal petition for habeas corpus, Cordero argues, as he did on direct appeal to the Appellate Division of the New York State Supreme Court, that he received ineffective assistance of counsel under the Sixth Amendment because his counsel suffered from an actual conflict of interest—exposure to disciplinary action or criminal prosecution for telling Nunez not to come to trial—and that this conflict of interest adversely affected his representation, requiring reversal of Cordero's conviction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Our review is constrained by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under AEDPA, we must defer to the state court's decision on the merits of a constitutional claim unless that decision "was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "An 'unreasonable application' of federal law occurs if a state court either identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case, or if it fails to extend a principle of clearly established law to situations which that principle should have, in reason, governed." *Tueros v. Greiner*, 343 F.3d 587, 591 (2d Cir. 2003) (brackets, internal quotation marks, and citations omitted).

The parties first dispute what standard this Court should apply in assessing Cordero's claim of ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668 (1984), which the state would have us apply, "if a defendant establishes that her attorney had a potential conflict of interest, in order to prove that the conflict resulted in a violation of her Sixth Amendment right to effective assistance of counsel, she must demonstrate prejudice." *Winkler v. Keane*, 7 F.3d 304, 307 (2d Cir. 1993). By contrast, under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), which Cordero contends should apply, "if a defendant's lawyer had an 'actual conflict of interest' in which the lawyer 'actively represented conflicting interests,' the defendant need only demonstrate that the actual conflict 'adversely affected his lawyer's performance' in order to prove a violation of his Sixth Amendment right to effective counsel," and he need not demonstrate prejudice. *Tueros*, 343 F.3d at 591–92 (quoting *Sullivan*, 446 U.S. at 348, 350). We need not reach that issue, however, because we conclude that the district court's judgment may be affirmed under either test.

Under *Sullivan*, "[a]n attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and defendant's interests 'diverge

3

with respect to a material factual or legal issue or to a course of action.' " *Winkler*, 7 F.3d at 307 (quoting *Sullivan*, 446 U.S. at 356 n.3). Here, Cordero's counsel elicited at trial testimony from Nunez that he had previously told defense counsel that Nunez had made a mistake in identifying Cordero. Cordero fails to suggest what other information defense counsel might have sought from Nunez that he avoided because he did not want to open the door to questions about his conduct. As the district court found, Compoccia conducted a thorough cross-examination of Nunez that fully exposed the driver's prio recantation. There is no evidence that Compoccia's defense of Cordero was restrained or diminished in any way to avoid uncovering Nunez's allegations against Compoccia. Accordingly, Cordero has failed to show that his and his counsel's interests diverged with respect to any material issue. Nor has Cordero demonstrated what "plausible alternative defense strategy" his counsel "might have [] pursued" in the absence of his alleged conflicting interests, *Eisemann v. Herbert*, 401 F.3d 102, 107 (2d Cir. 2005) (quoting *United States v. Feyrer*, 333 F.3d 110, 116 (2d Cir. 2003)), as trial counsel put on a vigorous defense, both with respect to his cross-examination of Nunez and his examination of Jose Sanchez, Nunez's supervisor, as part of the defense case. Accordingly, we conclude that any conflict of interest remained only potential because it did not adversely affect Cordero's counsel's performance, so Cordero fails to meet the *Sullivan* test for ineffective assistance of counsel. As Cordero expressly disclaimed any argument that he could satisfy the prejudice requirement under *Strickland*, he cannot obtain relief under that standard either. *See Tueros*, 343 F.3d at 592. We therefore conclude that the state court did not err—and certainly did not unreasonably apply clearly established federal law—in sustaining Cordero's conviction.

4

We have considered Cordero's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK